

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

May 8, 2008

Mr. Joe Richards  
Mr. Lann Leslie  
777 High Street, Suite 300  
Eugene, OR 97401

Mr. R. Scott Palmer  
101 East Broadway, #200  
Eugene, OR 97401

Mr. Brian Turner  
1631 NE Broadway, #120  
Portland, OR 97232

Mr. Joseph K. Phillips  
300 Market Drive, #100  
Lebanon, OR 97355

Mr. Dell Alexander  
PO Box 279  
Albany, OR 97321

Mr. John Hasbrrok  
PO Box 368  
Monmouth, OR 97361

Mr. Douglas L. Gallagher  
423 Lincoln Street  
Eugene, OR 97401

Mr. Robert McCann  
PO Box 40  
Albany, OR 97321

Mr. Scott A. Fewel  
445 SW Monroe #101  
Corvallis, OR 97333

CPM Development  
388 State Street, #420  
Salem, OR 97301

Mr. Edward Jonathon Mercier  
1342 Front Avenue, NE  
Albany, OR 97321

Ms Gail Geiger  
Assist. U. S. Trustee  
405 East 8th Ave., Ste. 1100  
Eugene, OR 97401

RE:  PARMELE, Jay Jeremiah; Case No. 07-63029-aer13  
  Corvallis School District 509J v. Jay Jeremiah Parmele, et al.;  
  Adversary Proceeding No. 07-6196-aer  
  Plaintiff's Motion for Summary Judgment; Motions for Award of Attorney's Fees; and  
  Cost Bill

Parties & Counsel:

 This letter is intended to announce my findings of fact and conclusions of law on the above-referenced matters.

Procedural History:

This is an adversary in interpleader. It was originally filed in Benton County Circuit Court in October, 2007, and removed by Plaintiff to this court on November 16, 2007, after Defendant Jay Parmele filed a Chapter 13 petition. While the case was in Benton County Circuit Court, seven of the defendants filed answers.[1]

On January 10, 2008, I conducted a pre-trial conference, resulting in a minute order wherein I gave Plaintiff until February 14, 2008, to file a motion for summary judgment. It has done so. It also asks for attorney's fees by two separate motions and has submitted a cost bill.

As of the end of March, 2008, two defendants, Western Power & Equipment and Valley Custom Seal Coating, Inc. had been dismissed voluntarily. Six defendants had been defaulted.[2] There were service issues as to two of the defendants, CPM Development Corporation and Eugene Sand Construction, Inc.(one entity) (hereafter CPM) and Edward Mercier. By a March 31, 2008, letter, I abated the motion for summary judgment until Plaintiff addressed the service issues. Since then CPM has been voluntarily dismissed and Mr. Mercier has been served with the summary judgment documents. No party has responded to the motion for summary judgment, motions for attorney's fees, or the cost bill. They are all ripe for decision.

Summary Judgment:

Facts:

I adopt the facts set out in Plaintiff's Concise Statement of Material Facts.

Summary Judgment Standards:

On a motion for summary judgment, the moving party has the burden to establish the absence of a genuine issue of material fact for trial. FRCP 56© (made applicable by FRBP 7056). The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986).

With regard to its own claims or defenses, the movant must support its motion with evidence-using any of the materials specified in Rule 56-that would entitle it to a directed verdict

---

[1] The answering defendants are: 1) Jay Parmele; 2) Jay Parmele Construction, LLC; 3) Jay Parmele Construction, Inc.; 4) Highland Excavation & Trucking, LLC; 5) S. Wagener, Inc.; 6) Linda Freeman; and 7) Edward Mercier.

[2] The defaulted defendants are: 1) Duane Hoskins; 2) Ermine Mullins; 3) Christine Carol Mullins; 4) Atlas Professional Services, Inc.; 5) United Pipe & Supply Co., Inc.; and 6) Albany Rental, Inc.

if not controverted at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 265, __ (1986)(Brennan, J)(dissent). If the movant makes the requisite affirmative showing, the burden of production shifts to the non-moving party to produce evidentiary materials that demonstrate the existence of a "A genuine issue" for trial. Id.

Discussion:

Interpleader has been described as follows:

> Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund. Interpleader allows a plaintiff stakeholder to join in a single action those parties who are or might assert claims to a common fund held by the stakeholder. An interpleader action usually encompasses two distinct procedurally [sic] stages. First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability. The second stage involves an adjudication of the adverse claims of the defendant claimants.

First Interstate Bank of Oregon, N.A. v. U.S. By and Through I.R.S., 891 F. Supp. 543, 545-546 (D. Or. 1995) (internal citations and quotations omitted).

Plaintiff seeks judgment in the "first stage" of the litigation. It is undisputed that Plaintiff is a disinterested stakeholder and that it has been presented with competing claims to the interpled fund. Further, there is no indication the instant suit was filed in bad faith. Id. at 547. I conclude there is no genuine issue as to any material fact for trial and that Plaintiff is entitled to judgment as a matter of law. Specifically, it is entitled to judgment restraining and enjoining defendants from commencing, prosecuting, or pursuing any suit or action or other proceeding against Plaintiff as to the work identified in ¶ 3 of Plaintiff's Amended and Supplemental Complaint, or as to the interpled fund. It is also entitled to a judgment that it be discharged from this action and from all liabilities to defendants for any claims arising out of the work described in ¶ 3 of the Amended and Supplemental Complaint, or for any claims to the interpled fund. After payment of the attorney's fees and costs award discussed below, the funds on deposit in the registry of the Benton County Circuit Court are to remain there until further court order.

Attorney's Fees and Costs:

I have discretion to enter an award of reasonable attorneys' fees to Plaintiff. Id. at 548 (awarding reasonable attorney's fees and costs in a removed case pursuant to court's discretion and in light of ORCP 31). The award is limited to fees "incurred in filing the action and pursuing the stakeholder's discharge from liability." Primerica Life Ins. Co. v. Ross, 2006 WL 3170044, *2 (D. Or. 2006). The fees and costs should be paid out of the interpled funds. Id.

I have reviewed Plaintiff's motions for attorneys' fees, the declaration and affidavit of Messrs Palmer and Fraser in respective support thereof, and its bill of costs. No opposition has been filed thereto. I conclude Plaintiff is entitled to an award of reasonable attorneys' fees and costs. I find the costs sought reasonable and will award $1,461.71 as applied for in the Cost Bill. I will also award $3,500.00 in attorneys' fees as pled (in ¶ 11) and prayed for in Plaintiff's

Amended and Supplemental Complaint.  These fees and costs shall be paid directly from the fund on deposit in the registry of the Benton County Circuit Court.

    The above constitute my findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated. An order and judgment consistent herewith shall be entered.

    Very truly yours,

    *albert E. Radcliffe*

    ALBERT E. RADCLIFFE
    Bankruptcy Judge

AER:vhd

cc: Paul Garrick